## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| Al.B., Am.P., An.P., Ar.A., B.L., B.T., E.G., Er.M., F.M., G.A., J.L., J.O., J.S., J.T., Ja.A., Je.T., Ji.T., Jo.B., L.N., M.S., Rog.E., Rol.P., R.D., R.I., R.P., V.B., and W.B., <br><br> Plaintiffs, <br><br> v. <br><br> JACOBS SOLUTIONS INC., JACOBS ENGINEERING GROUP INC., CH2M HILL COMPANIES, LTD., and CH2M HILL INTERNATIONAL, LTD., <br><br> Defendants. | Case No. 1:25-cv-3067 <br><br> JURY TRIAL DEMANDED |

### **PLAINTIFFS' UNOPPOSED MOTION FOR LEAVE TO PROCEED ANONYMOUSLY**

Plaintiffs respectfully move this Court unopposed to grant them leave to proceed anonymously using only their initials as pseudonyms.[1]

1. Plaintiffs contend that anonymity is appropriate under Tenth Circuit precedent because this case creates a "real danger of physical harm" and involves "matters of a highly sensitive and personal nature" to Plaintiffs, each of whom fears a real possibility of retaliation in the Philippines if their identity becomes public. *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000) (quotation omitted).

---

[1] Plaintiffs incorporate by reference the allegations recited in the Complaint. ("Complaint," ECF No. 1). By not opposing this Motion, Defendants are not accepting or acquiescing to any allegation filed in the Complaint, nor waiving any rights, defenses, or objections.

2. The Complaint alleges that Plaintiffs are Filipinos who worked in Qatar helping to build stadiums for the 2022 World Cup. Compl. ¶¶ 146-173. The Complaint alleges that Plaintiffs were subject to forced labor practices from the companies that recruited or employed them and that Defendants entered a venture with those companies to build stadiums for the World Cup in Qatar. *Id*. The Complaint further alleges that Plaintiffs suffered various physical and psychological injuries, implicating Plaintiffs' personal medical information. *Id*.

3. Plaintiffs fear they will face a real danger of physical harm in the Philippines if their names are made public in this proceeding. Recruiting and trafficking of workers for foreign countries is a lucrative business in the Philippines that is often entangled with local and transnational criminal networks.

4. To be clear, Plaintiffs are not concerned about retaliation by the named Defendants, but by the various local and transnational networks allegedly operating in the Philippines that recruit and supply Filipino workers for overseas labor.

5. The public will not be prejudiced by allowing Plaintiffs to proceed anonymously by referring to them by their initials in the caption and redacting their full names from any public filings. Plaintiffs' complaint is not being filed under seal and will be available for the public's review.

6. The Defendants will not be prejudiced by allowing Plaintiffs to proceed anonymously, provided that:

    a. Plaintiffs' names will be disclosed to the Court and to Defendants;

    b.   Defendants are permitted to disclose Plaintiffs' names for the purpose of making enquiries of third parties, including the government contracting entity, contractor, and subcontractor responsible for each stadium where Plaintiffs allegedly worked as stated in the Complaint; and

    c.   Defendants will not make enquiries of entities in the Philippines without first participating in a meet-and-confer with Plaintiffs' counsel about the parameters of such contact. If the Parties cannot agree on the nature and scope of any such contact, Defendants will not make the proposed enquiries until Plaintiffs have had the opportunity to file, and the Court has resolved, any objections.

7.    There is also a weak public interest in knowing the litigants' individual identities here as the issues in this case can be fully understood without this information and because Plaintiffs' individual identities would add nothing to the public's understanding of the litigation or the issues at hand.

8.    The Court previously granted a similar motion in the related case, *F.C., et al. v. Jacobs Solutions Inc., et al.*, Case No. 1:23-cv-02660 (ECF 30).

9.    Pursuant to D. Colo. L. Civ. R. 7.1(a), undersigned counsel for Plaintiffs certify that they met-and-conferred in good faith with counsel for Defendants on September 29, 2025, and subsequently by correspondence, and that the Parties agreed to the relief requested herein and to the filing of this motion.

## CONCLUSION

For these reasons, this Court should grant Plaintiffs leave to proceed anonymously.

Respectfully submitted this 30th day of September, 2025,

/s/ Eli J. Kay-Oliphant
Eli J. Kay-Oliphant
eli.kay-oliphant@sparacinopllc.com
Ryan R. Sparacino
ryan.sparacino@sparacinopllc.com
Matthew J. Fisher
matt.fisher@sparacinopllc.com
Sparacino PLLC
1920 L Street, NW, Suite 835
Washington, D.C. 20036
Tel: (202) 629-3530

Sean Grimsley, Atty. Reg. #36422
sgrimsley@olsongrimsley.com
Jason Murray, Atty. Reg. #43652
jmurray@olsongrimsley.com
Eric Olson, Atty Reg. #36414
eolson@olsongrimsley.com
Samara Hoose, Atty Reg. #57375
shoose@olsongrimsley.com
Meredith Wheeler, Atty Reg. #56352
mwheeler@olsongrimsley.com
Olson Grimsley Kawanabe Hinchcliff & Murray LLC
700 17th Street, Suite 1600
Denver, CO 80202
Tel: (303) 535-9151

*Counsel for Plaintiffs*

## CERTIFICATION OF CONFERAL

Pursuant to Uniform Civil Practice Standard 7.1(B)(b), Eli J. Kay-Oliphant, counsel for Plaintiffs, emailed counsel for Defendants on September 29, 2025. Counsel for Defendants stated they do not oppose the relief requested.

*/s/ Eli J. Kay-Oliphant*
Eli J. Kay-Oliphant