IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Regina M. Rodriguez**

Civil Action No. 25-cv-03067-RMR-CYC

Al.B., Am.P., An.P., Ar.A., B.L., B.T.,
E.G., Er.M., F.M., G.A., J.L., J.O., J.S.,
J.T., Ja.A., Je.T., Ji.T., Jo.B., L.N., M.S.,
Rog.E., Rol.P., R.D., R.I., R.P., V.B., and
W.B.,,

      Plaintiffs,

v.

JACOBS SOLUTIONS INC.,
JACOBS ENGINEERING GROUP INC.,
CH2M HILL COMPANIES, LTD.,
CH2M HILL INTERNATIONAL, LTD., and
CH2M HILL INTERNATIONAL B.V.,

      Defendants.

---

## ORDER ADOPTING MAGISTRATE JUDGE'S RECOMMENDATION

---

This matter is before the Court on the Recommendation of United States Magistrate Judge, entered on April 20, 2026, ECF No. 50, addressing Defendants' Motion to Dismiss Plaintiffs' Complaint ("Motion"), ECF No. 25. Magistrate Judge N. Reid Neureiter recommends that the Motion be denied as moot and without prejudice. No party has objected to the Recommendation.

In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("[i]t

does not appear that Congress intended to require district court review of a magistrate's

factual or legal conclusions, under a de novo or any other standard, when neither party

objects to those findings"). In this matter, the Court has reviewed the Recommendation

to satisfy itself that there is "no clear error on the face of the record."[1] Fed. R. Civ. P.

72(b), Advisory Committee Notes. Based on this review, the Court has concluded that the

Recommendation is a correct application of the facts and the law. Even if the Court were

to consider the issue de novo, the Court agrees with the Recommendation and finds that

it accurately sets forth and applies the appropriate legal standard.

Additionally, the Tenth Circuit has "adopted a firm waiver rule providing that the

failure to make timely objections to a magistrate judge's recommendations waives

appellate review of both factual and legal questions." *Meier v. Aspen Acad.*, No. 24-1372,

2025 WL 2555832, at *1 (10th Cir. Sept. 5, 2025) (citing *Allman v. Colvin*, 813 F.3d 1326,

1329 (10th Cir. 2016)). There are only two exceptions to this rule: when (1) a *pro se* litigant

has not been informed of the time period for objecting and the consequences of failing to

object, or when (2) the interests of justice require review. *Id.* (citing *Morales-Fernandez

v. INS*, 418 F.3d 1116, 1119 (10th Cir. 2005)). Neither exception applies in this case.

Accordingly, it is **ORDERED** as follows:

1) The Recommendation of the United States Magistrate Judge, ECF No. 50, is

    **ACCEPTED and ADOPTED**;

---

[1] This standard of review is something less than a "clearly erroneous or contrary to law"
standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review.
Fed R. Civ. P. 72(b).

2) Defendant's Motion to Dismiss Plaintiffs' Complaint, ECF No. 25, is **DENIED**

   **AS MOOT and WITHOUT PREJUDICE.**


DATED:  May 8, 2026

                                        BY THE COURT:

                                        _____
                                        REGINA M. RODRIGUEZ
                                        United States District Judge